(No. 41288.— )
THE PEOPLE *ex rel.* Paul David Kelley, Appellant, *vs.* MAX P. FRYE, Warden, Appellee.

*Opinion filed November 22, 1968.*

PAUL DAVID KELLEY, *pro se.*

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Relator, Paul David Kelley, filed a *pro se* appeal from a judgment of the Madison County circuit court dismissing his *habeas corpus* petition. No brief has been filed by the State, and the cause was submitted without oral argument.

On April 1, 1965, the Madison County grand jury returned a five-count indictment, four counts of which were contained on the first page and charged Kelley and others with murder. The fifth count charged the same individuals

with conspiring to and committing murder, and was contained on the second page of the indictment. On page 1 of the printed form appeared the printed words "A TRUE BILL" which had been "x-ed" out and thereunder a line for signature on which was written the name "Helen Johnson". The words "Foreman of the Grand Jury" appearing underneath this line had also been "x-ed" out with a typewriter. On the second and last page below the fifth count appeared the following:

"A TRUE BILL

Foreman of the Grand Jury"

This indictment was returned in open court, bail denied and a warrant ordered over the signature of the trial judge.

Relator asserts that count V of the indictment was quashed on his motion. The record before us contains neither corroboration nor denial of this. Relator further asserts that he and his counsel filed in June, 1965, a petition "to determine the defendant, Paul David Kelley's mental competency for the present date it being June 25, 1965, and the defendant, Paul David Kelley's sanity during the commission of the crime which occurred on February 4, 1965." This petition is not in the record, but it seems clear that such a petition was filed and that thereafter the relator was examined by three doctors, at least two of whom, and perhaps all three, were psychiatrists. It is unclear whether these examinations were made as a result of a court order or at the request of prosecuting and defense counsel. In any event at a hearing commencing July 8 relator, who was then in court with his counsel, specifically waived a jury trial of the competency question and requested the judge to hear and determine the matter. Two of the doctors testified, Dr. Groves B. Smith and Dr. John H. McMahon stating their opinion that relator was competent and able to

co-operate with and assist counsel. They found no psychosis. Dr. F. W. Sokolowski was ill, and, after several continuances to permit his appearance, it was stipulated that he would, if present, testify in accordance with his written report. It found the then 20-year-old relator suffering from "schizophrenia with psychosis and immaturity," but made no specific finding as to competency or ability to co-operate with counsel.

On the basis of this evidence the trial judge found relator competent. Thereafter, on September 7 relator pleaded guilty to the murder charge and on September 27 was sentenced to imprisonment for a term of 50 to 100 years.

Relator states the issues here as follows: (1) "Whether the trial court correctly ruled that the indictment is not void," (2) "Whether the trial court correctly ruled that the defendant waived his rights to have the issue of his sanity during the commission of the crime determined," (3) whether the court properly ruled that it had "jurisdiction to receive a plea of guilty * * * before answering the question of his sanity during the commission of the crime which had been raised and some evidence had been introduced tending to prove insanity."

We have frequently stated the scope of *habeas corpus* actions which, under our statute (Ill. Rev. Stat. 1963, chap. 65, par. 22) and case law, are limited to those instances where the judgment of conviction was void or something has occurred since detention to entitle a prisoner to his release. (*People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590, and cases there cited.) Nonjurisdictional errors are not reachable by *habeas corpus.* (*People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453, 456.) "A person imprisoned under the sentence of a court having jurisdiction of the subject matter and the person of the defendant, and power to render the judgment, cannot be discharged on *habeas corpus* because of irregularities in the proceedings under which he is convicted, his remedy in such cases being by writ of er-

ror." *People ex rel. Georgetown* v. *Murphy,* 202 Ill. 493, 497-98, quoted with approval in *People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590.

It is clear, therefore, that the alleged errors complained of by relator in connection with the court's determination of competency are not of jurisdictional stature. As to them, dismissal of the *habeas corpus* petition was unquestionably proper.

The validity of the indictment, however, is properly challenged by *habeas corpus* if it is in fact void, for a void indictment confers no jurisdiction upon the court. (*People* v. *Edge,* 406 Ill. 490, 493; *People* v. *Nickols,* 391 Ill. 565, 570-71.) Relator's argument is that the absence of the foreman's signature below the words "A TRUE BILL" appearing at the conclusion of count V on page 2 of the indictment renders the indictment void in its entirety, and that the signature on page 1 cannot validate that document, for the words "A TRUE BILL" appearing on page 1 have been obliterated, and the indictment therefore fails to conform to our statutory requirement (Ill. Rev. Stat., 1963, chap. 78, par. 17) that the foreman of a grand jury indorse on each indictment the words "A true bill" and "sign his name as foreman, at the foot of said indorsement, * * *." Relator further urges that, since count V was quashed, all of page 2, including the words "A TRUE BILL", have been eliminated, legally speaking, from the indictment and, therefore, nothing remains of page 2.

While there appears considerable lack of harmony in other jurisdictions (see anno. 30 A.L.R. 719) regarding the effect of an unendorsed indictment, this court in *People ex rel. Merrill* v. *Hazard,* 361 Ill. 60, 63, considered the validity of an indictment which bore no signature by the foreman. Our statute then provided as it still does that the foreman should indorse the words " A true bill" upon the indictment and sign his name below the indorsement. The

court there said: "We are of the opinion that the signature of the foreman of the grand jury is required only as a matter of direction to the clerk and for the information of the court; that its presence or absence does not materially affect any substantial right of the defendant, and that it neither assures to him nor prevents him from having a fair trial. Our holding to the contrary in *Nomaque* v. *People, supra,* is expressly overruled. The circuit court of Champaign County had jurisdiction over the person of the defendant, and the writ [*habeas corpus*] will therefore be denied."

It is apparent, therefore, that relator cannot prevail unless enactment of section 111—3(b) of the Code of Criminal Procedure in 1963 (Ill. Rev. Stat. 1963, chap. 38, par. 111—3(b)) can be said to have altered the effect of *Hazard*. That section provides "An indictment shall be signed by the foreman of the Grand Jury * * *." We need not, however, decide the effect of this amendment upon *Hazard* for the instant indictment did bear the signature of Helen Johnson who we assume, and it is not argued to the contrary, was the grand jury foreman. The facts that she signed at the foot of page 1 of the indictment instead of page 2, and that the words "A TRUE BILL" appearing on page 2 are after the signature instead of before are of no consequence. *Hazard; State* v. *Bowman,* 103 Ind. 69, 2 N.E. 289; *Withem* v. *State,* 175 Ark. 453, 299 S.W. 739; *Burnes* v. *State,* 89 Fla. 494, 104 So. 783.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*