No appearance for the People.

THE PEOPLE *ex rel.* ERMAL BROWN, Petitioner-Appellant, *v.* ELZA BRANTLEY, Warden, Illinois State Penitentiary at Menard, Respondent-Appellee.

(No. 11728; )

Fourth District—September 27, 1972.

Ermal Brown, *pro se.*

William J. Scott, Attorney General, of Springfield, and Walter F. Farrand, State's Attorney, of Virginia, (Thomas J. Immel, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant files a *pro se* petition appealing from an order of the circuit court of Cass County denying his petition for writ of *habeas corpus.* The appeal was directed to the Illinois Supreme Court and that court transferred the case to this court for opinion. The judgment of the trial court is affirmed.

■■ The defendant waived indictment and pleaded guilty to an information charging the murder of his wife and was sentenced to the penitentiary for not less than 27 nor more than 40 years. His post-conviction petition was denied by the circuit court and that action was affirmed by the Supreme Court in *People v. Brown,* 44 Ill.2d 80, 254 N.E.2d 481. The defendant now charges that the information to which he pleaded guilty was insufficient because it did not allege that "a human being had been killed" and that he was denied due process of law because the trial court did not conduct a full hearing and inquiry into the merits of his case, but dismissed it on motion. If the allegations of the defendant properly charge that the indictment or information is in fact void, that issue may be raised on a petition for *habeas corpus* for the very cogent reason that a void indictment or information confers no jurisdiction upon the trial court. *People ex rel. Kelley v. Frye,* 41 Ill.2d 287, 242 N.E.2d 261.

■■■ In our judgment the single issue properly presented here is determined by *People ex rel. Miller v. Twomey,* 2 Ill.App.3d 757, 277 N.E.2d 151, where the precise issue here presented was raised, discussed and correctly determined. It follows *Kirkham v. People,* 170 Ill. 9, 48 N.E. 465, holding that an allegation in a murder charge which names the victim implies a human being and that specific allegation is not required. We conclude here, as the court determined there, that the issue raised was wholly frivolous and states no ground for relief. The

560

trial court correctly dismissed the petition for *habeas corpus* for the very cogent reason that it did not allege any basis upon which the defendant could be discharged even if the writ were issued. Accordingly, the judgment of the trial court must be and it is affirmed.

Judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.