THE PEOPLE ex rel. WILLIAM T. HARPER, Petitioner-Appellant, v. ELZA BRANTLEY, Warden, Illinois State Penitentiary at Menard, Respondent-Appellee.

(No. 73-88;

Fifth District—December 4, 1975.

*Rehearing denied January 14, 1976.*

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester (Bruce D. Irish and Rolf E. Ehrmann, both of Illinois State's Attorneys Association, of counsel), for appellee.

Mr JUSTICE CARTER delivered the opinion of the court:

The petitioner-appellant, William Harper, pleaded guilty on September 17, 1970, to three counts of kidnapping and one count of armed robbery. All four offenses occurred on November 16, 1963. Pursuant to a plea agreement, the Circuit Court of Christian County imposed concurrent sentences of 1 to 5 years for each of the kidnapping counts and 7 to 8 years for the armed robbery charge. The court allowed the petitioner credit for time previously served in the Federal penitentiary from June 1, 1964, to December 15, 1969, a period of 5 years, 6 months and 14 days. The court also allowed petitioner credit for time spent in the county jail awaiting trial, a period of 149 days from April 22, 1970, to September 18, 1970.

The petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Randolph County, the county in which he was incarcerated. The court denied the petition and voided that portion of the order entered by the Circuit Court of Christian County which granted credit for time served in the Federal penitentiary. The petitioner appealed to our Supreme Court pursuant to what was in 1970, Supreme Court Rule 302(a)(3) (Ill. Rev. Stat. 1969, ch. 110A, par. 302(a)(3)). The Supreme Court released him on bond in December, 1970, pending the outcome of the appeal. On March 23, 1973, the Supreme Court transferred the cause to this court. Thus the petitioner has served only 3 months of his sentences after his guilty pleas were entered.

· The transcript of the guilty plea proceedings in Christian County is not contained in the record and is unobtainable. Due to difficulties encountered by the petitioner in obtaining a record, it was not until July 1, 1974, that a record was filed in this court.

. The petitioner contends that the Circuit Court of Randolph County erroneously voided that portion of the order entered by the Circuit Court of Christian County which credited the defendant for time served in the Federal penitentiary prior to imposition of sentences for the instant offenses. We note that the resolution of this question necessarily depends upon whether the Circuit Court of Randolph County had the authority under the circumstances to void only a portion of the judgment entered by the Circuit Court of Christian County. Before reaching the question of Randolph County's authority, however, we address the issue whether the Randolph County Circuit Court properly dismissed the habeas corpus petition.

■■ It is well settled that habeas corpus is not an available remedy to review errors of a nonjurisdictional nature, but it has been employed where the original judgment was totally void or where there has been some occurrence subsequent to the conviction which entitles the defendant to immediate release. (*People ex rel. Lewis v. Frye*, 42 Ill.2d 58; *People ex rel. Kelley v. Frye*, 41 Ill.2d 287; *People v. Matthews*, 17 Ill.App.3d 395.) In the instant case the petitioner apparently alleges that the refusal of the Department of Corrections to give him credit for time served in the Federal penitentiary as ordered by the trial court constitutes an act entitling him to release. Under this theory, however, the petitioner could not argue that his entire conviction or sentence was void, but only that his sentence beyond a certain period of time was void.

■■ The defendant maintains that the Circuit Court of Christian County intended to impose a sentence of 7 to 8 years with credit for 5 years, 6 months and 14 days for time spent in Federal prison, in effect a sentence of from 1 year, 5 months and 16 days to 2 years, 5 months and 16 days. Assuming the defendant is correct in this contention, habeas corpus is still not an available remedy to reduce the sentence imposed. It is well settled that the propriety of a sentence can be challenged by habeas corpus only where the defendant has served the maximum sentence that legally was imposed. (Ill. Rev. Stat. 1973, ch. 65, par. 21(2); *People ex rel. Johnson v. Pate*, 47 Ill.2d 172; *People ex rel. Jefferson v. Brantley*, 44 Ill.2d 31.) Assuming that the defendant was properly credited for time spent in the Federal prison, his minimum sentence would be 1 year, 5 months and 16 days less 4 months and 26 days' credit

for time spent in jail awaiting trial. This amounts to a minimum sentence in the State penitentiary of 1 year and 20 days. The maximum sentence after considering jail credit time would be 2 years and 20 days. The petitioner has only served 3 months of his sentence in Menard Penitentiary and has been free on bond since December 18, 1970. He must serve another 1 year, 9 months and 20 days less good time allowances before he has completed the maximum sentence which he asserts the trial court imposed upon him. Consequently, the defendant cannot employ habeas corpus to review the length of his sentence. Accordingly, we find that the Circuit Court of Randolph County properly dismissed the petitioner's habeas corpus petition.

This conclusion leaves unresolved the question whether the Circuit Court of Randolph County had authority to void a portion of the petitioner's sentence. We are of the opinion that the court was without authority under the circumstances to void a portion of the judgment entered by the Circuit Court of Christian County. The office of the writ of habeas corpus is to obtain the release of persons illegally restrained of their liberty. It is authorized only where the proceedings or judgment is void or the detention has become illegal by reason of some act, omission or event which has taken place as provided in section 22 of the Habeas Corpus Act (Ill. Rev. Stat. 1973, ch. 65, par. 22(2); *People ex rel. Cassidy v. Fisher*, 372 Ill. 146). Habeas corpus may not be used as a substitute for direct review of a judgment which may be erroneous, but not void. (*People ex rel. Wiseman v. Nierstheimer*, 401 Ill. 260.) In the instant case, the Circuit Court of Randolph County voided the portion of the judgment of the trial court allowing the petitioner credit for time served in the Federal penitentiary. The Randolph County Court did not find the sentence entirely void.

■■ We believe that the order of the Randolph County Circuit Court amounted to a *nunc pro tunc* resentencing of the petitioner. This order also constituted a usurpation of the powers of appellate review reserved by the Illinois Constitution solely for the Illinois Supreme and Appellate Courts. For the foregoing reasons, we conclude that the Circuit Court of Randolph County was without authority to declare void a portion of the judgment entered by the Circuit Court of Christian County.

We affirm the order of the Circuit Court of Randolph County dismissing the petitioner's habeas corpus petition. We reverse the order voiding the sentence credit allowed the petitioner.

Affirmed in part; reversed in part.

JONES, P. J., and EBERSPACHER, J., concur.