THE PEOPLE *ex rel.* JOSEPH LaPLACA, Petitioner-Appellant, *v.* ALLYN SIELAFF, Director, Department of Corrections, *et al.,* Respondents-Appellees.

Fifth District   No. 76-31

Opinion filed June 7, 1976.

Patrick A. Tuite, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (James B. Zagel, Jayne A. Carr, and Stuart W. Opdycke, Assistant Attorneys General, of counsel), for appellees.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Petitioner-appellant, Joseph LaPlaca, was convicted of conspiracy to commit murder after a jury trial in the Circuit Court of Cook County and was sentenced to serve from 6 to 20 years. That judgment is presently under review in the Appellate Court for the First District. Petitioner, confined in the Department of Corrections at its institution in Vienna, Illinois, filed a petition for a writ of habeas corpus in the Circuit Court of Johnson County. The petition was denied after the court considered arguments of counsel. Petitioner was present at the hearing.

The indictment under which petitioner was convicted alleged that he and a codefendant conspired with one Julius Barnes to commit murder and alleged as an overt act that Barnes went to the home of the deceased on the day of the killing. All three defendants were charged with murder and conspiracy. Barnes was convicted only of murder and the other

two defendants were convicted only of conspiracy. The other verdict forms were returned blank by the jury.

Petitioner contends that since the verdict forms determining Barnes' guilt or innocence of conspiracy were returned blank, the effect is to acquit Barnes of conspiracy, citing, *inter alia, People v. Lynn,* 385 Ill. 165, 52 N.E.2d 166 (1943); *People v. Sobucki,* 387 Ill. 358, 56 N.E.2d 628 (1944); *People v. Regan,* 351 Ill. App. 550, 115 N.E.2d 817 (1st Dist. 1953). It is then petitioner's contention that the State failed to prove the only overt act by a co-conspirator as alleged in the indictment and required by section 8—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—2(a)), and that the court lacked subject matter jurisdiction to enter judgment and sentence on the conspiracy verdict.

We need not reach the underlying question raised by petitioner whether the verdicts were legally inconsistent because of our belief that, in any event, habeas corpus is not available to petitioner.

■■ "It is well established that habeas corpus is not an available remedy to review errors of a nonjurisdictional nature, but it has been employed where the original judgment was totally void or where there has been some occurrence subsequent to the conviction which entitles the defendant to immediate release." *(People ex rel. Harper v. Brantley,* 34 Ill. App. 3d 807, 809, 341 N.E.2d 126, 127 (5th Dist. 1975); see also *People ex rel. Lewis v. Frye,* 42 Ill. 2d 58, 245 N.E.2d 483 (1969); *People ex rel. Kelley v. Frye,* 41 Ill. 2d 287, 242 N.E.2d 261 (1968).) The writ may not be employed as a substitute for direct review of a judgment which is erroneous but not void. *People ex rel. Rose v. Randolph,* 33 Ill. 2d 453, 211 N.E.2d 685 (1965).

Petitioner in the instant case does not deny that at the time of trial the court had jurisdiction over the subject matter and the person as required by section 1—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 1—5). Rather he contends that the court lost jurisdiction to enter judgment and sentence when the alleged inconsistent verdicts were returned by the jury. We disagree.

In *People ex rel. Gwartney v. Meyer,* 33 Ill. App. 3d 705, 341 N.E.2d 732 (5th Dist. 1975), the petitioner had been charged with two felonies, two misdemeanors and one count of felony bail bond violation. Pursuant to plea negotiations he entered a plea of guilty to the two misdemeanors and felony bail bond violation. The two-count felony indictment was dismissed. After denial of a petition for writ of habeas corpus, petitioner appealed contending that the court was without jurisdiction to accept the guilty plea to felony bail bond violation since the underlying felony indictment had been dismissed. After disposing of the issue on the merits, we noted that even if the argument were accepted, the writ was not available since the judgment would at most be erroneous but not void.

■■ We believe the rationale of *Gwartney* to be applicable here. The issue whether Barnes' "acquittal" of conspiracy negated the existence of an overt act by a co-conspirator affects only the proof of matters alleged in an admittedly valid indictment against petitioner. If the verdicts returned were so inconsistent as to remove a necessary element of proof against petitioner, the judgment should not have been entered and the court erred in so doing. But this error does not affect the power of the court to enter judgment and sentence upon a verdict returned on a valid indictment. Petitioner's proper remedy is direct appeal, which we note is in progress.

The judgment of the Circuit Court of Johnson County is affirmed.

Affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.