64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Luther C. JONES, Petitioner-Appellant,
v.
Jerry D. GILMORE, Respondent-Appellee.
 No. 94-1584.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.*
Decided Aug. 9, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Sept.
22, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Luther Jones appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. In November 1989, he was convicted following a bench trial in the state of Illinois of unlawful possession of 14.7 grams of cocaine with the intent to deliver. In his Sec. 2254 motion, Jones claims that the indictment did not apprise him of the nature of the charges against him in violation of the Fourteenth Amendment; that because of the inadequate indictment, the trial court lacked both subject matter and personal jurisdiction; and that his right to a speedy trial was violated. None of these issues were addressed by the Illinois state courts on direct appeal or in an action seeking postconviction relief.
 
 
 2
 Although Jones sought leave from the Illinois Supreme Court to file a petition for a writ of habeas corpus pursuant to 735 ILCS 5/10-102 alleging that the indictment was void, the Supreme Court denied leave to appeal. The respondent contends that because the Supreme Court's review was discretionary only, Jones may still file a petition for a writ of habeas corpus in the state circuit court. See 735 ILCS 5/10-103; see also People ex rel. Brown v. Brantley, 288 N.E.2d 92, 93 (Ill. App. Ct. 1972) ("If the allegations of the defendant properly charge that the indictment or information is in fact void, that issue may be raised on a petition for habeas corpus for the very cogent reason that a void indictment or information confers no jurisdiction upon the trial court"). Thus, he argues, Jones has not exhausted his state remedies as required by Sec. 2254(b). Castille v. Peoples, 489 U.S. 346 (1989) (presentation of claims to a state's highest court on discretionary review, without more, does not necessarily satisfy the exhaustion requirement). Cf. Crump v. Lane, 807 F.2d 1394, 1396 (7th Cir. 1986) (state remedies were not exhausted even though Illinois Supreme Court denied leave to file a petition for a writ of mandamus because that denial was without prejudice to the refiling of the petition in the circuit court).
 
 
 3
 We need not resolve this dispute, however, because Jones' claim is clearly without merit. Ordinarily, the interests of comity and judicial efficiency are better served by insisting on complete exhaustion before a claim may be reviewed in a federal habeas corpus proceeding; yet, where the petitioner does not raise even a colorable federal claim, as is apparent in this case, we may dismiss the petition on the merits. Granberry v. Greer, 481 U.S. 129, 135 (1987).
 
 
 4
 An indictment is constitutionally invalid if it fails to comport with due process. Namely, the indictment must notify the criminal defendant of the specific charge against him so that he may defend against that charge. Tague v. Richards, 3 F.3d 1133, 1141 (7th Cir. 1993); Bae v. Peters, 950 F.2d 469, 478 (7th Cir. 1991). In this case, a grand jury returned an indictment charging that:
 
 
 5
 on or about November 12, 1988, [in Peoria County, Illinois, Luther Jones] committed the offense of unlawful possession with intent to deliver a controlled substance in that [he] did knowingly and unlawfully possess, with the intent to deliver, more than fifteen (15) grams, but not more than 100 grams of a substance containing a controlled substance, cocaine in violation of paragraph 1401(a)(1) of Chapter 56-1/2 of the Illinois Revised Statutes.
 
 
 6
 Jones alleges that it was impossible to ascertain the type of drug with which he was charged because paragraph 1401(a)(1) of the Illinois statutes proscribed heroin whereas the events described in the indictment refer to the possession and delivery of cocaine proscribed in paragraph 1401(a)(2). He also claims that the description of the amount of drugs listed, 15-100 grams, was constitutionally inadequate given that the prosecution "knew" that the possession of only 14.7 grams could be proven at trial.
 
 
 7
 Although the indictment admittedly cited the wrong subparagraph of the statute, we are confident that Jones was adequately apprised that the charges against him concerned cocaine trafficking. The indictment specifically refers the reader to the attached transcript of the grand jury proceedings for a description of the circumstances of the offense. At those proceedings, a police officer testified that he followed Jones and another man after arriving as backup at the scene of an arrest for another individual suspected of drug dealing. As the two men attempted to elude the officer by running into a building, they each removed a bag containing smaller packets of suspected cocaine and threw them out the windows. These packets were eventually field-tested for the presence of cocaine and tested positive. No mention was made of heroin. Nor is there any indication in the trial transcript that defense counsel was unaware of the charges against the defendant or that counsel was confused as to the matters to be tried. Accordingly, we find that the technical error contained in the indictment does not rise to the level of a constitutional violation.
 
 
 8
 Moreover, we find no error in the failure of the indictment to accurately predict the amount of drugs for which Jones would be convicted. A police officer testified at trial that he saw Jones throw the larger of the two bags out the window which was later revealed to contain 14.7 grams of cocaine. Because an additional 4.8 grams of cocaine was found on the ground, the prosecution attempted to attribute these drugs to the defendant as well so that Jones could be convicted under paragraph 1401(a)(2) which carried a higher statutory penalty. The trial court found that the prosecution had not proven Jones' accountability for more than 14.7 grams of cocaine beyond a reasonable doubt. An unsuccessful prosecution theory, however, does not suggest that the original indictment was unconstitutionally vague. In fact, Jones was put on notice that he would be tried for possession and delivery of all the cocaine recovered at the crime scene. Accordingly, Jones fails to demonstrate how this alleged error hindered his defense, see Bae, 950 F.2d at 479, and we find no merit to his claim.
 
 
 9
 Next, Jones contends that his constitutional right to a speedy trial was violated. This claim has been procedurally defaulted. Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir. 1995) (petitioner procedurally defaults a claim by failing to present it to the highest court of the state), petition for cert. filed (U.S. Jun. 6, 1995) (No. 94-9577). Although Jones alleged on direct appeal that he was entitled to a trial within 120 days of his arrest pursuant to the Illinois speedy trial statute, Ill. Rev. Stat. ch. 38, par. 103-5, he did not fairly present his claim in constitutional terms. Armstrong v. Young, 34 F.3d 421, 425 (7th Cir. 1994), cert. denied, 115 S. Ct. 1369 (1995). "[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to that court." Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992); see also Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990) (reliance on state speedy trial statute in state court was insufficient to fairly present the Sixth Amendment issue for habeas corpus purposes), cert. denied, 499 U.S. 964 (1991).
 
 
 10
 Jones attempts to establish cause for his default by claiming that he received ineffective assistance of counsel. Yet, we cannot consider ineffective assistance of counsel as cause for a procedural default unless it was presented to the state court as an independent claim. Murray v. Carrier, 477 U.S. 478, 486-89 (1986); Lostutter, 50 F.3d at 395. Because it was not, we may not reach the merits of his speedy trial claim.
 
 
 11
 Jones' remaining allegations, that he was never advised of the possibility of an extended term sentence and the state prosecutor's alleged Brady violation, were not raised in the petition before the district court and are therefore waived. Smith v. Farley, 25 F.3d 1363, 1365 n.2 (7th Cir. 1994), cert. denied, 115 S. Ct. 908 (1995).
 
 
 12
 For the foregoing reasons, the district court's decision denying Jones' petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record