**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 210061-U

Order filed December 28, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| TOOLA O. TAYLOR, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Petitioner-Appellant, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0061 |
| | ) | Circuit No. 20-MR-51 |
| CAMERON WATSON, Warden Western | ) | |
| Illinois Correctional Center, | ) | |
| | ) | Honorable David A. Brown, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in denying petitioner's *habeas corpus* petition where the petition failed to allege a cognizable claim for which relief could be granted.

¶ 2    Petitioner, Toola O. Taylor, an inmate in the Western Illinois Correctional Center (Western), filed a *pro se* petition for *habeas corpus* relief against respondent, Cameron Watson, the warden of Western. The trial court dismissed the petition for failing to state a claim for *habeas* relief. Petitioner appeals. We affirm.

I. BACKGROUND

¶ 4   In July 2006, the State charged petitioner by a three-count indictment with aggravated criminal sexual assault while armed with a firearm (count I) (720 ILCS 5/12-14(a)(8) (West 2006)), aggravated criminal sexual assault (count II) (*id.* § 12-14(a)(1)), and criminal sexual assault (count III) (*id.* § 12-13(a)(1)). A jury found petitioner guilty of counts II and III. The trial court sentenced petitioner to an extended term of 32 years' imprisonment on count II alone.

¶ 5   On direct appeal, this court affirmed petitioner's convictions and sentence. *People v. Taylor*, 397 Ill. App. 3d 813, 819 (2010). Next, petitioner filed a *pro se* petition for relief from judgment (735 ILCS 5/2-1401 (West 2010)), arguing his sentence was void. The circuit court denied petitioner's petition, and this court affirmed. *People v. Taylor*, 2015 IL App (3d) 140252-U.

¶ 6   Next, petitioner filed a *pro se* petition for *habeas corpus* relief pursuant to Article X of the Code of Civil Procedure (Code) (735 ILCS 5/10-101 *et seq.* (West 2020)), which is the subject of this appeal. Petitioner alleged he was being held unlawfully because the section of the aggravated criminal sexual assault statute under which he was sentenced was void and unenforceable. Petitioner raised three theories as to why he believed his sentence was void. First, he argued the legislature's decision to increase the penalty for the offense violated the proportionate penalties clause of the Illinois Constitution. Second, petitioner argued he received a disproportionate penalty, which violated his due process rights where he received a greater sentence for his crime than the penalty for the similar crime of armed violence predicated on a criminal sexual assault, Third, petitioner argued his sentence constituted an improper double enhancement. According to petitioner, "a State's Attorney has no authority to charge an offense that violates the Proportionate Penalties Clause and—in turn—a circuit court is without the authority to usurp an authority that a

State's Attorney does not have. In other words, the circuit court never acquired jurisdiction because of this prohibition." Petitioner claimed these violations entitled him to immediate release from custody. Alternatively, petitioner claimed he should be resentenced.

¶ 7    The State filed a motion to dismiss the complaint for failure to state a claim for *habeas* relief. In particular, the State argued the convicting court had jurisdiction over the case and no postconviction event required petitioner's immediate release from custody.

¶ 8    Ultimately, the trial court dismissed petitioner's petition.

¶ 9    Petitioner filed a motion to reconsider. While the motion remained pending, petitioner filed a notice of appeal. This court dismissed the appeal for lack of jurisdiction as petitioner's motion to reconsider remained pending.

¶ 10    The court subsequently held a hearing on petitioner's motion to reconsider. At the hearing, the State argued that petitioner's sentence was not void. The State further argued that a *habeas* petition was not the proper vehicle to bring petitioner's constitutional challenge to his sentence. In response, petitioner argued that "even if I seek the wrong remedy, I can still get that actually corrected here in the court." Petitioner went on, "there's definitely a section in the *Habeas Corpus Act* that says that I can—if it's the wrong remedy—I can seek the proper remedy here today." Petitioner did not ask to amend his pleading.

¶ 11    After taking the matter under advisement, the court found that the original court had both subject matter and personal jurisdiction over the case. The court also found that petitioner's claimed error existed at the time of his conviction. Thus, the court concluded that petitioner's petition failed to state a claim for *habeas* relief.

¶ 12    Petitioner appeals.

¶ 13    II. ANALYSIS

¶ 14　　　　Petitioner asserts the trial court erred in dismissing his *habeas corpus* petition. A writ of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to his release. *Owens v. Lane*, 196 Ill. App. 3d 358, 360 (1990); *Newsome v. Hughes*, 131 Ill. App. 3d 872, 874 (1985). A complaint for a writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights. *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998); *Newsome*, 131 Ill. App. 3d at 874. Upon review, we find petitioner failed to allege any facts to support either basis required for *habeas* relief. Consequently, we hold that the trial court did not err when it dismissed petitioner's petition for *habeas corpus* relief.

¶ 15　　　　First, petitioner failed to allege a viable jurisdictional challenge to his sentence. Petitioner argued the trial court lacked jurisdiction based on his belief that his sentence violated the proportionate penalties clause of the Illinois Constitution. Subject-matter jurisdiction over criminal cases is conferred upon Illinois trial courts by article VI, section 9 of the Illinois Constitution. *In re Luis R.*, 239 Ill. 2d 295, 301 (2010). A criminal defendant further confers personal jurisdiction upon the trial court when he appears personally before it. *People v. Speed*, 318 Ill. App. 3d 910, 915 (2001). Even if petitioner received an unconstitutional sentence, that error would not deprive the trial court of jurisdiction. *People v. Castleberry*, 2015 IL 116916, ¶ 19.

¶ 16　　　　Second, petitioner failed to allege a postconviction event that occurred after his conviction entitling him to *habeas* relief. The claimed sentencing error existed at the time of petitioner's convictions. Stated differently, the alleged defect in the sentencing statute existed at the time of his conviction and is not a postconviction event to support *habeas* relief. Petitioner's claim that his

sentence is unconstitutional or were otherwise imposed in error is simply not a cognizable *habeas* claim. See *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 321 (2001).

¶ 17      Even if, as petitioner argues, his 32-year sentence is unconstitutional under the proportionate penalties clause, petitioner still does not meet the requirement that he is entitled to immediate discharge. The maximum prison term has not expired. Regardless of whether petitioner serves only 85% of his sentence, he is not entitled to a discharge and is subject to the custody of the Department of Corrections until the maximum term of imprisonment that could legally be imposed expired. A prisoner is not entitled to a discharge from prison until his mandatory supervised release is served because mandatory supervised release is a part of a sentence. *Blythe v. Lane*, 194 Ill. App. 3d 451 (1990). According to petitioner, the maximum term imposed should be 30 years' imprisonment with 3 years' mandatory supervised release. Petitioner has not served 30 years' imprisonment and he has not served 3 years' mandatory supervised release. Petitioner would not be entitled to a discharge. Accordingly, the trial court properly dismissed petitioner's petition because he could not allege any facts that would allow for *habeas corpus* relief.

¶ 18      In reaching this conclusion, we reject petitioner's alternative argument that he is entitled to *habeas* relief even if he is not entitled to immediate discharge. To support his claim, he relies on section 10-121 of the Act, which provides:

> "Where relief is sought under Article X of this Act and the court determines, on motion directed to the pleadings, or on motion for summary judgment or upon trial, that the plaintiff has pleaded or established facts which entitle the plaintiff to relief but that the plaintiff has sought the wrong remedy, the court shall permit the pleadings to be amended, on just and reasonable terms, and the court shall grant the relief to which the plaintiff is entitled on

the amended pleadings or upon the evidence. In considering whether a proposed amendment is just and reasonable, the court shall consider the right of the defendant to assert additional defenses, to demand a trial by jury, to plead a counterclaim or third party complaint, and to order the plaintiff to take additional steps which were not required under the pleadings as previously filed." 735 ILCS 5/10-121 (West 2020).

¶ 19        Under petitioner's understanding, if he is not entitled to immediate release, then he is at least entitled to resentencing at a lower range. According to petitioner, resentencing is an alternative remedy provided by section 10-121.  Petitioner misunderstands section 10-121. The only remedy available for *habeas* relief is immediate discharge from custody. See *Adcock v. Snyder*, 345 Ill. App. 3d 1095, 1098 (2004). Resentencing is not an available remedy where it does not result in petitioner's immediate release. Instead, section 10-121 allows a petitioner to amend a *habeas* petition to utilize a different vehicle to present his claim such as a postconviction petition. As petitioner made clear in his reply brief on appeal, he never asked the court to recharacterize his petition and he was not "required to do so." *Habeas* relief does not offer an alternative remedy and the court was not required to recharacterize petitioner's *habeas* complaint.

¶ 20                                III. CONCLUSION

¶ 21        For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

¶ 22        Affirmed.