Louis Reed *v.* Frederick G. Reincke, Warden, Connecticut State Prison

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued February 6—decided March 5, 1969

*Igor I. Sikorsky, Jr.,* special public defender, for the appellant (plaintiff).

*Otto J. Saur,* state's attorney, with whom, on the brief, was *Donald A. Browne,* assistant state's attorney, for the appellee (defendant).

THIM, J. In March, 1967, the plaintiff was presented in the Superior Court on an information in three counts. The first count charged him with the crime of robbery with violence in violation of General Statutes § 53-14. The second and third counts charged him with the crimes of forgery in violation of General Statutes § 53-346. The plaintiff pleaded not guilty to all three counts. Thereafter, he made a motion to separate the count of robbery with violence from the two counts of forgery. The motion was granted, and the plaintiff was tried only on the count charging him with commission of robbery with violence. On June 9, 1967, a jury found the plaintiff guilty as charged, and on November 17, 1967, the court sentenced the plaintiff to serve not less than four nor more than fifteen years in the state prison.

Following the imposition of the sentence, an assistant clerk of the Superior Court prepared and signed a mittimus which committed the plaintiff to the state prison. The mittimus erroneously recited that the plaintiff had been convicted of the crimes of robbery with violence and forgery. On December 11, 1967, the assistant clerk prepared, signed and

delivered to the warden a corrected mittimus, which recited that the plaintiff had only been convicted of the crime of robbery with violence.

By this writ of habeas corpus, the plaintiff seeks his immediate release from the state prison on the theory that the original mittimus erroneously recited that he had been convicted of two crimes rather than one and that the mittimus could not be corrected ministerially. The trial court held that the original mittimus did not affect the legality of the plaintiff's confinement and that the execution and delivery of the corrected mittimus to the warden was proper. The court rendered judgment dismissing the petition. The court, upon the petition of the plaintiff, certified the case to this court for review. General Statutes § 52-470.

Because there is such a complete lack of merit to the plaintiff's claim, this case should not even have been certified to this court under § 52-470.

The sentence imposed on the plaintiff was the judgment of the court; *State* v. *Lindsay,* 109 Conn. 239, 243, 146 A. 290; and the mittimus was only evidence of that judgment. 21 Am. Jur. 2d, Criminal Law, § 575. It was the duty of the assistant clerk to draw up the mittimus and to sign it as a representative of the court. General Statutes (Rev. to 1968) §§ 54-97, 54-98; *State* v. *Lindsay,* supra, 242; *Kenney* v. *Walker,* 16 Conn. Sup. 76, 79. The issuance of a mittimus is a ministerial and not a judicial act. *Alcorn* v. *Fellows,* 102 Conn. 22, 33, 127 A. 911.

The assistant clerk obviously made a mistake in drawing up the mittimus, and, as the representative of the court, he was authorized to correct any mistakes which appeared in the mittimus. *Reetz* v. *Mansfield,* 119 Conn. 563, 564, 178 A. 53; *Smith* v. *Moore,* 38 Conn. 105, 109. The plaintiff did not, and

could not, show that the mistake of the assistant clerk caused him to suffer any prejudice or injustice. *Sinisgalli* v. *Warden,* 153 Conn. 599, 602, 219 A.2d 724.

There is no error.

In this opinion the other judges concurred.