FREDERICK C. FRANKLIN *v.* WARDEN, CONNECTICUT
STATE PRISON

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued January 5—decided January 7, 1972

*Richard S. Scalo,* assistant public defender, for
the appellant (plaintiff).

*Thomas E. Minogue, Jr.,* assistant state's attorney,
with whom, on the brief, was *Joseph T. Gormley, Jr.,*
state's attorney, for the appellee (defendant).

PER CURIAM. After the defendant pleaded guilty
to one count of breaking and entering and was pre-
sented for sentence, the state's attorney recom-
mended a sentence of not less than two nor more than
four years in the state prison. Counsel for the de-
fendant suggested that a term of eighteen months to
three years "would be more than sufficient." After
inquiring of the defendant if he wished to say any-
thing, the following transpired:

"The Court: The sentence of the court in State
against Frederick Franklin is that he be confined in
the State's Prison for not less than eighteen months
nor more than two years.

The defendant: Thank you, sir.

State's Attorney: The maximum is two? What
was the maximum?

The court: Four.

State's Attorney: Four. Thank you."

The judgment was recorded and mittimus issued for a term of eighteen months minimum and four years maximum. The sole issue on the appeal is the merit of the claim of the defendant that the court erred in denying his petition for habeas corpus which was predicated on the sole ground that the court erred "in orally changing the Defendant's maximum sentence from two years to four years."

What we said in *Reed* v. *Reincke,* 158 Conn. 45, 47, 255 A.2d 850, is equally applicable in this instance: "Because there is such a complete lack of merit to the plaintiff's claim, this case should not even have been certified to this court under § 52-470."

There is no error.