[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement which the petitioner claims results from an invalid sentence.
The petitioner was serving an unrelated sentence of fifteen years, execution suspended after eight years, when he was granted a furlough. While on furlough, he engaged in a string of robberies for which he was arrested. The petitioner succeeded in having three files which originated in three different court jurisdictions consolidated for disposition in the New Haven Judicial District. The petitioner negotiated a plea agreement whereby he would plead guilty to robbery first degree, in CR8-101756; robbery first degree, in CR15-124827; and robbery second degree, in CR6-341217, in exchange for recommended sentences of twenty years, execution suspended after ten years, four years probation on each of the robbery first degree counts, concurrent, and five years on the robbery second degree charge, concurrent, for a total, effective sentence of twenty years, execution suspended after ten years, four years probation.
On May 8, 1992, Judge Corradino sentenced the petitioner on these files. The judgment mittimuses reflected that the trial court sentenced the petitioner in accordance with the terms of the plea agreement.
Sometime after his arrival in a prison facility, the petitioner reviewed his "time sheet" and questioned certain calculations of good conduct credit by the respondent. The petitioner consulted his trial counsel, who in turn, provided the petitioner with a copy of the transcript of the sentencing hearing. Apparently, the transcript removed doubts regarding the good conduct calculation from the petitioner's mind.
During his scrutiny of the sentencing hearing transcripts, however, the petitioner noticed that, with respect to CR8-101756, the trial judge omitted the word "years" when imposing sentence in that file, i.e. the court stated the sentence on that robbery count to be "twenty suspended after ten", or words to that effect. The petitioner acknowledges that the trial court specifically recited the word "years" in the appropriate places when rendering the sentences in CR15-124827 and CR6-341217. The petitioner contends CT Page 1330 that the absence of a unit of time in the sentence as imposed in CR8-101756 invalidates all three sentences. The court disagrees.
It should be noted that the sentencing hearing transcript was never offered into evidence by either party at the habeas hearing. The petitioner indicated he sent his copy to his father who lost it. The petitioner has no independent recollection of the trial judge's comments during sentencing but relies strictly on his recollection of his reading of the transcript while imprisoned.
Sentences in criminal cases should reveal with fair certainty the intent of the sentencing court so as to exclude serious misapprehensions by those required to execute those sentences, Abtv. Walker, 126 Conn. 218, 220 (1940). Formal defects which do not obscure the court's intent do not invalidate the sentence, however, Id, 221. Where the sentencing authority's intent is unambiguous, and otherwise legal, the sentence is valid and enforceable,Commissioner v. Gordon, 228 Conn. 384, 389 (1994).
In State v. Nacsin, 1 Conn. Cir. Ct. 183 (1962), the trial court imposed one sentence on each of two files which files each contained several identical counts but failed to impose sentences on each count individually. Because the trial court's intent was clear, the Appellate Division of the Circuit Court held that the sentences were valid, Id, 189.
In the present case, the intent of the trial court, based on the petitioner's version of events, was clearly to impose a sentence of twenty years, execution suspended after ten years, probation four years in CR8-101756 rather than some other unit of time. This was the agreed-upon sentence pursuant to the negotiated plea. The sentence for both robbery first degree counts were to be identical, and the trial court expressly used the word "years" as to the other robbery first degree count in CR15-124827. No other unit of the time measurement was ever discussed or mentioned besides "years." A reasonable inference is that, by using "years" as to all other sentences, the trial court intended the quantities "twenty" and "ten" to denote a number of years also.
Being satisfied that the trial court imposed a sentence of twenty years, execution suspended after ten years, probation four years in CR8-101756, the petitioner has failed to prove, by a preponderance of the evidence, that he is confined unlawfully.
Sferrazza, J. CT Page 1331
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1332