[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Vincent Whitely, is currently confined in the Cheshire Correctional Institution by the respondent, John Armstrong, the Commissioner of Corrections. The petitioner's application for a writ of habeas corpus alleges that the two sentences for which the petitioner is incarcerated are concurrent rather than consecutive sentences, and therefore, that the petitioner has served his total effective sentence.
On June 6, 1994, as the result of a plea agreement, the petitioner appeared before the Superior Court at New Britain, Geographical Area 15, Scheinblum, J., and pleaded guilty to a number of criminal charges. Thereafter, the court sentenced the petitioner to two years (the New Britain sentence).
On June 22, 1994, again as the result of a plea agreement, the petitioner appeared before the Superior Court at Meriden, Geographical Area 7, Reilly, J., and pleaded guilty to several additional criminal charges. On July 14, 1994, Judge Reilly sentenced the petitioner to eight years, suspended after three years, with five years probation on these additional charges. (the Meriden sentence). The judge imposed the Meriden sentence consecutive to the New Britain sentence, making the petitioner's total effective sentence on the New Britain and Meriden sentences eight years, suspended after five, with five years probation.
The petitioner now argues that Judge Reilly could not impose the Meriden sentence consecutive to the New Britain sentence because, on June 6, 1994, Judge Scheinblum stayed "imposition" of CT Page 10579 the New Britain sentence until July 15, 1994, one day after the petitioner commenced service of his Meriden sentence. Thus, he argues there was no existing sentence to which the Meriden sentence could be consecutive. The petitioner argues therefore, that on July 14, 1994, he began service of the Meriden sentence and one day later, on July 15, 1994, the stay of imposition on the New Britain sentence was lifted and he commenced service of the New Britain sentence. Furthermore, the petitioner claims that because the New Britain sentence did not specify whether it was a concurrent or consecutive sentence, it was a concurrent sentence by operation of law. The petitioner thus argues: one, that the Meriden sentence cannot be consecutive to the New Britain sentence because the New Britain sentence was not then imposed; and two, that the New Britain sentence is concurrent to the Meriden sentence because the New Britain sentence is silent as to whether it runs concurrently or consecutively. The petitioner alleges that because he has served three years, and he has satisfied the longer of his two putative concurrent sentences, he is now being illegally confined. The lynch pin of the petitioner's argument is that Judge Scheinblum stayed "imposition" of the New Britain sentence as opposed to staying "execution" of the New Britain sentence. In effect, he claims the judge stayed the judgment itself.
"Habeas corpus relief is generally reserved for those cases in which the petitioner has satisfied the heavy burden of proving that there has been a great miscarriage of justice or other prejudice. . . . While states commonly recognize habeas corpus as a means to obtain relief from an illegal sentence . . . a collateral attack is not a vehicle by which the . . . judge may for other reasons reduce a sentence." Commissioner of Correctionsv. Gordon, 228 Conn. 384, 388-89 (1994).
"In a criminal case the imposition of sentence is the judgment of the court. . . . A person accused of crime and formally presented before a criminal court must not be left in the limbo of a temporary stay of sentence by the device of a suspended judgment. . . . In a criminal case it is never proper for the court to suspend judgment, although the court may properly render judgment by imposing sentence and then suspend the execution of the sentence for an ascertainable period, thereby protecting the right of appeal." (Citations omitted.)State v. Moore, 158 Conn. 461, 463 (1969); State v. Wall,40 Conn. App. 643, 657, cert. denied, 237 Conn. 924 (1996). "The common law has long recognized a court's ability to stay the CT Page 10580 execution of a criminal sentence in a variety of contexts."Copeland v. Warden, 225 Conn. 46, 49 (1993).
In Commissioner of Corrections v. Gordon, supra,228 Conn. 385, the court faced the issue of "whether the intended aggregate sentence imposed by the trial court or the mittimus controls an incarcerated person's total effective sentence." The court held that "where the unambiguous intention of a sentencing court's legal sentence conflicts with the wording of a judgment mittimus . . . the latter is preempted by the former." Id., 391. The court also stated that it is the intention of the sentencing court that controls. Id., 390. In Thompson v. Warden, Superior Court, judicial district of Tolland at Rockville, Docket No. 1881 (February 9, 1995, Sferrazza, J.), the petitioner sought habeas corpus relief because the sentencing court omitted the word "years" when imposing a portion of the sentence. The habeas court denied relief to the petitioner, holding that the intent of the sentencing court was clearly to impose a sentence measured in years rather than some other measure of time.
The petitioner relies heavily on Judge Scheinblum's statement that "[i]mposition of the sentence is stayed until July 15th at 9:30 a.m." This statement cannot be viewed in isolation. It was made after the Assistant States Attorney stated that in light of the charges pending against the petitioner in Meriden, the state had no objection "to a plea today and a stay of execution until7-15," and that "we are asking that this Court canvass and enterthe sentence, stay it until 7-15." (Emphasis added). Moreover, the stay of execution was bargained for by the petitioner. The judge asked the petitioner whether he received any promises. He replied: "only that it would be stayed until the fifteenth of July." During the court's canvass of the petitioner, the court asked, "[d]o you wish to give up [the right to a pre-sentence investigation report] and have the court impose sentence todaystaying the execution thereof?" The petitioner responded, "[y]es, I do, your Honor." (Emphasis added).
Judge Scheinblum's statement purporting to stay the "imposition" of sentence was an isolated and inadvertent verbal misstatement — a slip of the tongue, which, when viewed in light of the entire proceeding before him, did no harm.[1] The defendant was; not returning to New Britain to be sentenced again. The fine distinctions drawn by the defendant are interesting, but lead to a result that does violence to justice. We should resist losing touch with the fact-bound nature of the CT Page 10581 criminal law and not get caught up in false problems of word definitions and conceptualizations that frustrate a just result. It is well settled that "[s]entencing should not be a game in which one wrong move by I a judge means immunity for the prisoner." State v. White, 169 Conn. 223, 238-39, (1975); Statev. Langley, 156 Conn. 598, 602 (1968). Moreover, "[w]ords are meant to be instruments of their master; not the other way around." Galluzzo v. Fairfield Board of Tax Review,44 Conn. Sup. 39, 44 (1995). It is clear that Judge Scheinblum intended to impose a sentence of two years and stay execution of the two year sentence until July 15, 1994 which he undoubtedly assumed was the date of the Meriden sentencing. The Assistant States Attorney asked for a "stay of execution" and the judge responded to that. There was no reason for him to say whether it was consecutive or concurrent since this was the first sentence imposed.
Thus, because Judge Scheinblum imposed the New Britain sentence on June 6, 1994, there was an existing sentence, and Judge Reilly, on July 14, 1994, could effectively impose the Meriden sentence consecutive to the New Britain sentence.
When the petitioner appeared before Judge Reilly in Meriden on July 14, 1994, the following exchange occurred:
 The Court: Okay. Now starting on line 37, and how do you want to handle this because he's not being sentenced out of New Britain until tomorrow. Now can I give a consecutive sentence —
Mr. Whitely: I am sentenced in New Britain.
The Court: What?
Mr Whitely: I am sentenced in New Britain.
The Court: Oh, you are sentenced out of —
Mr. DeBenedetto: He had a stay until tomorrow.[2]
 The Court: Oh, he has a stay until tomorrow, so I can enter the consecutive sentence today. Okay. Let's start on line 37, what is the agreement? * * * CT Page 10582
 The Court: On line 45, on promoting prostitution I sentence you to the Commissioner of Corrections for a period of eight years to be suspended after three, five years probation. On line 46, eight suspended after three, five years probation.
 Those sentences are to be served concurrently with each other but consecutive to the sentence that you received out of New Britain for two years. So that would make a total effective sentence that you're facing now. eight suspended after five and five years probation. Do you understand this?
Mr. Whitely: Yes.
The Court: Any questions at all?
Mr. Whitely: No.
 The Court: Okay, like they say at a marriage ceremony, speak now or forever hold your peace. Do you fully understand what the sentence is?
Mr. Whitely: Yes.
* * *
 The Court: . . . And finally, line 54, where it says conspiracy, he plead[ed] guilty to conspiracy to promote prostitution, same sentence, eight suspended after three, five years probation, consecutive to his sentence out of New Britain but concurrent with all the rest of the [Meriden] sentences.
 So the sentence out of this court, total effective sentence is going to be eight suspended after three, five years probation, that's to be served consecutively to the New Britain sentence.
 Do you have any questions, Mr. Whalen, on the sentence?
Mr. Whalen: No I don't, your honor. CT Page 10583
The Court: Mr. Whitely, do you have anything?
Mr. Whitely: No, your honor.
The petitioner's repeated statements to Judge Reilly that he had, in fact, already been sentenced in New Britain are instructive. He volunteered that he was already sentenced after Judge Reilly questioned whether he could sentence him that day. It appears that the judge relied on those representations and sentenced the petitioner after he received them. It is a reasonable inference that the petitioner wanted the Meriden sentence imposed on the 14th.
There is no doubt that Judge Reilly intended the sentences to be consecutive. Again, our Supreme Court has held that "[i]t is that intention that controls." State v. Gordon, 238 Conn. 384,390. It is also without question that the petitioner bargained for the sentence he received and that he understood the proceedings. He stated that he understood the agreement and he was given multiple opportunities to object — which he did not do. His argument is disingenuous. See State v. Dennis,30 Conn. App. 416, 424, cert. denied, 226, where the court stated: "[h]aving assured the court that he understood the cumulative effect of the sentences in the plea agreement, it is disingenuous for the defendant to claim that his plea was involuntary and unknowing. . . ."
The court notes that the judges and the attorneys were different at the two hearings. The only constant was the defendant-petitioner. He knew what took place in New Britain. Since the petitioner admitted that the stay until the 15th was a promise I given to him, he clearly wanted it that way. It appears that either a mistake was made as to the date, or the petitioner misrepresented the date he was to be sentenced by asking for a stay until the 15th. If the former, the interests of justice demand that the mistake be corrected. If the latter, the petitioner cannot be allowed to profit from his misrepresentation. In any case, the use of a wrong word and a mistaken date cannot override the obvious intent of the second sentencing judge, especially since the petitioner bargained for it and received the benefit of the bargain. Justice should not be that easily thwarted.
Between the two sentences, the petitioner could have received CT Page 10584 in excess of seventy-five years. Obviously he and his attorneys did an excellent job of plea bargaining. It is just as obvious that the Meriden judge believed that concurrent sentences could not adequately meet sentencing goals. See Copeland v.Warden, 225 Conn. 46, 51. The transcripts reveal that Judge Reilly believed concurrent sentences in this context would have been an outrageous miscarriage of justice. A review of the charges indicates clearly that he was right.
In effect, the Meriden judge, while imposing sentence, impliedly vacated the incorrectly dated stay and instituted a validly agreed upon plea bargain. In doing so justice was well served. Testimony from the Corrections Department indicated that the petitioner received full credit for the time he served, so he lost nothing.
Because the petitioner received the sentences for which he bargained, he cannot now be heard to complain that those sentences are something other than what he agreed to. Indeed, he was able to get a number of charges nolled (and got unconditional discharges on others), in consideration for his plea.
Essentially, under the facts of this case, the petitioner wants to be set free because a judge, in one sentence, used one wrong word. Whether the circumstances giving rise to the petitioner's current application arose through honest mistake or cunning subterfuge is immaterial because the record does not support the petitioner's claims. The record clearly demonstrates that Judge Scheinblum imposed, and thereafter stayed execution of the petitioner's New Britain sentence. Additionally, the record reveals the clear intent of Judge Reilly to sentence the petitioner to a total effective sentence of eight years suspended after five.
"To mount a successful collateral attack on his conviction a prisoner must demonstrate a miscarriage of justice or other prejudice and not merely an error which might entitle him to relief on appeal." Hill v. U.S., 368 U.S. 424, 428; Lozada v.Warden, 223 Conn. 834, 840. Moreover, the petitioner in a habeas corpus proceeding bears a heavy burden of proof. Lubesky v.Bronson, 213 Conn. 97, 110; Meyers v. Manson, 192 Conn. 383, 386.
Not all judicial errors merit habeas corpus relief. The law requires a defect of such fundamental character that it inherently results in a complete miscarriage of justice, or where CT Page 10585 exceptional circumstances or the demands for fair procedure make the need for the writ apparent. Hill v. U.S., supra at 428. The reason and common sense embodied in the law reject the "monstrous doctrine" that a prisoner, whose guilt is established, can escape punishment because the court committed an error in passing the sentence. State v. Langley, 156 Conn. 598, 603; In re Bonner,151 U.S. 242, 260. Sentencing is simply not a game in which an innocent misstatement by a judge can shorten a prisoner's sentence. State v. White, 169 Conn. 223, 238-39; State v.Langley, supra at 602.
Is there a defect here, so fundamental that it results in a complete miscarriage of justice? Or are the circumstances so exceptional that they demand habeas relief? The court must answer "No" to both questions. A review of this entire file, the evidence produced, and the arguments and briefs, lead this court to conclude that the petitioner has not satisfied his heavy burden.
The petitioner's application for a writ of habeas corpus is denied.
Samuel S. Freedman Judge Trial Referee