[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case was commenced by the petitioner filing his petition for a writ of habeas corpus on May 28, 1999. The petitioner filed his third amended petition on September 12, 2001. The respondent filed its amended answer on December 14, 2001. This court conducted a hearing on the petition on February 27, 2001.
The gravamen of the petition is that the petitioner did not receive the full benefit of the plea agreement in his consolidated cases as the agreement was reflected in the record of the cases. Specifically, the petitioner complains that the Department of Corrections did not regard as his controlling sentence that sentence which would give him the maximum number of days for pretrial confinement.
Petitioner, Daniel Abraham, pled guilty to numerous charges and docket numbers on October 19, 1998 before the Honorable Eddie Rodriguez. He was sentenced by Judge Rodriguez on November 16, 1998. All parties agree that the sentence was a total effective sentence of 10 years suspended after 5 years served. When there are multiple dockets the Commissioner of Corrections should examine the pretrial confinement time under each docket pursuant to Connecticut General Statutes § 18-98d and then choose as the effective release date the longer of two sentences pursuant to § 53-38. Valle v. Commissioner of Correction, 45 Conn. App. 566,570 (1997). CT Page 5810
However, it is equally true that in determining the content of the plea agreement the language of the sentencing court is controlling.Commissioner v. Gordon, 228 Conn. 384 (1994). In Gordon the Appellate Court wrote:
 "The confusion, therefore, is caused by the judgment mitimus, which failed to reflect the sentencing court's order, language and intent. As a result, the petitioner argued to the habeas court that the sentence expressed in the mitimus would cause him to serve the two year term for criminal possession of a revolver, and on that basis the habeas court reduced the total effective sentence to thirteen-years. It is noteworthy that, in this case, all the parties including the habeas court conceded that the mitimus was defective. The defect, however, is of little import because where the unambiguous intent of the sentencing court's legal sentence conflicts with the wording of the judgment mitimus we conclude that the latter is preempted by the former." Gordon at 390. [Footnote omitted.]
In the instant matter the petitioner's controlling sentence is either docket no. 98-82480 B or docket no. 97-7719 B. Either docket would produce ten years suspended after five. The 98 docket is a conviction for burglary in the third degree. The 97 docket is a conviction for larceny in the second degree. Under the 98 docket, the petitioner is entitled to 83 days jail credit. Under the 97 docket he is entitled to 238 days jail credit.
The Commissioner properly credited the petitioner with the lower amount of jail credit and the longer sentence unless the sentencing court specifically indicated a different controlling sentence.
At the time of the sentencing the following exchange occurred:
 "The court: Mr. Couloute, which file is he being sentenced on?
 Mr. Couloute: It's my understanding Larceny Two we were going to use as the controlling. Ten after five . . .
Later in the same transcript the following occurs: CT Page 5811
"The court: Which one is controlling?
 Ms. Reid; [the defense counsel] CR 97-77719, Your Honor, Larceny in the second degree.
The court: I see it now. Thank you."
At the plea on October 19, 1998 States Attorney, Mr. Couloute, makes the following comment:
 " . . . My suggestion is to take him on the Larceny Two, ten after five and run all the burglaries five years concurrent, please.
 The court: Larceny Two, which is the Alfred plea involving the van from NEON?
Mr. Couloute: Yes sir.
The court: Attorney Reid?
Ms. Reid: Nothing further Your Honor."
This court, while recognizing that the Commissioner of Corrections complied with the statute, is of the opinion that the Judge, the States Attorney and the defense counsel believed that the controlling sentence was the 97 larceny second. On that docket, the petitioner was entitled to 238 days of jail credit.
The court agrees with the petitioner's claim that under the plea agreement all parties believed the controlling sentence to be CR 97-77719. Accordingly, while the Commissioner properly calculated time in accordance with the mitimus presented to him, the court orders that the controlling sentence be regarded as CR 97-77719 and that the petitioner be credited with a total of 238 days of jail credit.
By the Court,
Kevin E. Booth Judge of the Superior Court