ARTHUR GRIFFIN *v.* COMMISSIONER
OF CORRECTION
(AC 31298)

Beach, Alvord and West, Js.

Argued April 21—officially released September 21, 2010

*Lisa A. Vanderhoof*, special public defender, for the appellant (petitioner).

*Richard T. Biggar*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Terrence M. O'Neill*, assistant attorney general, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Arthur Griffin, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the respondent, the commissioner of correction, denied him ninety-seven days of jail credit, which should have been applied by virtue of a revised mittimus to sentences imposed in the judicial district of Fairfield (Fairfield sentences). He claims that the court erred in concluding that General Statutes § 18-98d[1] did not permit the respondent to apply the ninety-seven days of credit to his Fairfield sentences because

---

[1] General Statutes § 18-98d (a) (1) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ."

the credit he was claiming was not presentence jail credit under § 18-98d but, rather, was court-ordered jail credit pursuant to a revised mittimus. We affirm the judgment of the habeas court.

The following facts, as found by the habeas court, and procedural history are relevant. In 1990, the petitioner had two cases docketed in the geographical area number two court in Bridgeport. On October 25, 1990, the petitioner was sentenced, as to docket number CR-90-53929, to a term of one year incarceration, and, in docket number CR-90-55715, to a term of one year incarceration, with the second sentence ordered to run concurrently with the first sentence. The petitioner was sentenced to a total effective term of one year incarceration (Bridgeport sentences). The petitioner also had ten cases docketed in the judicial district of Fairfield. On May 24, 1991, the petitioner was sentenced with respect to the ten cases to a total effective term of twenty-five years incarceration, execution suspended after eighteen years, and five years probation. The Fairfield sentences were to run concurrently with the Bridgeport sentences. On April 28, 1994, the petitioner was sentenced in two new dockets in the judicial district of Tolland to a total effective term of thirty months incarceration.[2]

On June 1, 2004, the petitioner appeared before the court, *Damiani, J.,* for a hearing on a motion he had filed regarding the Fairfield sentences. At the hearing, the petitioner indicated that he had been sentenced in October, 1990, on the Bridgeport sentences and subsequently had been sentenced in May, 1991, in the Fairfield cases. The petitioner argued that these two sentences were intended to run concurrently but, in fact, were

---

[2] The habeas court noted that there was no indication on either of the two Tolland sentence mittimuses that the trial court had ordered the thirty months incarceration to run consecutively to any sentences that the petitioner was then serving.

running consecutively. The court explained that after the petitioner had received the Bridgeport sentences, there was a period of "dead time"[3] on the subsequently imposed Fairfield sentences. That is, upon becoming a sentenced inmate, the petitioner would no longer accumulate presentence confinement credits for the Fairfield dockets for the time frame between October, 1990, and May, 1991.[4] The court indicated that it would wait until it had received the sentencing proceeding transcripts to determine whether the petitioner's sentence was imposed in such a way as to result in approximately seven months of "dead time." After doing so, the court, on June 16, 2004, ordered that the petitioner receive credit on each of the ten Fairfield sentences from October 25, 1990, to May 24, 1991. On that same date, the court clerk prepared revised mittimuses for the Fairfield sentences.[5]

Thereafter, the petitioner filed a motion pertaining to jail credit as to the Bridgeport sentences. On December, 7, 2004, the petitioner appeared before the court, *Reynolds, J.,* for a hearing on that motion. As a result of the hearing, the court ordered that revised mittimuses for both Bridgeport sentences be prepared. Both

---

[3] Citing *State* v. *Hamilton*, 228 Conn. 234, 255, 636 A.2d 760 (1994) (*Norcott, J.,* concurring), the habeas court noted that "dead time" is prison parlance for presentence confinement time that cannot be credited because the inmate already is a sentenced prisoner serving time on another sentence.

[4] The credit for "dead time" is not at issue on appeal.

[5] Revised mittimuses for the two Bridgeport sentences also were prepared and signed by the clerk on September 24, 2004. In docket number CR-90-53929, which had an offense date of July 19, 1990, a notation was made on the revised mittimus that the petitioner was entitled to sentence credit from July 20 to October 25, 1990, the latter being the sentencing date in both Bridgeport cases. In docket number CR-90-55715, which had an offense date of September 9, 1990, a notation was made on the revised mittimus that the petitioner was entitled to sentence credit from September 10 to October 25, 1990. The habeas court noted that it is unclear precisely why these revised mittimuses were prepared and that the petitioner referenced them during the December 7, 2004 hearing.

mittimuses, as revised December 7, 2004, bear a notation that the two Bridgeport sentences are to run concurrently with all ten Fairfield sentences. In docket number CR-90-53929, which carried an offense date of July 19, 1990, a notation was made on the revised mittimus that the petitioner was entitled to sentence credit from July 20 to October 25, 1990, the latter being the sentencing date in both Bridgeport cases. In docket number CR-90-55715, which had an offense date of September 9, 1990, a notation was made on the revised mittimus that the petitioner was entitled to sentence credit from September 10 to October 25, 1990.

In May, 2008, the petitioner filed a petition for a writ of habeas corpus in which he claimed that the "respondent has not awarded [him] credit from July 20, 1990 to October 25, 1990 toward his eighteen year [Fairfield] sentence, despite the court's issuance of a revised mittimus to that effect." An evidentiary hearing was held on the petition. In its memorandum of decision, the court highlighted the testimony of Michelle Deveau. She testified at the hearing that the respondent applied all the jail credit that had been ordered by Judge Damiani. The jail credit ordered on the Bridgeport sentences did not impact the significantly longer Fairfield sentences. According to Deveau, there is no statute that permits the respondent to give the petitioner the ninety-seven days of jail credit, representing the time period of July 20 to October 25, 1990, on the Fairfield sentences.

In its memorandum of decision denying the petition, the court reasoned that at the time the sentences commenced "on October 25, 1990, for the [Bridgeport] sentences, the respondent applied the jail credit the petitioner had earned on those sentences. Such credit would run from July 20, 1990, to October 25, 1990. Once applied to the [Bridgeport] sentences, such credit cannot again be applied to sentences subsequently imposed, i.e., the Fairfield . . . sentences imposed on

May 24, 1991. See General Statutes § 18-98d . . . . The ninety-seven days the petitioner is seeking to have credited to any of the Fairfield . . . sentences, if so credited, would be in contravention of § 18-98d as interpreted by the Supreme Court. . . . [T]here is no authority for the petitioner to receive presentence confinement credits from July 20, 1990, to October 25, 1990, on the Fairfield . . . sentences. The petitioner received credits for that time frame upon being sentenced for the [Bridgeport] sentences, and, therefore, those very same credits may not be applied to subsequently imposed sentences." (Citations omitted.) The court thereafter granted the petition for certification to appeal. This appeal followed.

The petitioner claims that the court erred in concluding that § 18-98d did not permit the respondent to apply the ninety-seven days of credit from July 20 to October 25, 1990, to his Fairfield sentences. The petitioner does not dispute the court's interpretation of § 18-98d as it applies to presentence jail credit but, rather, claims that the statute does not apply in this case. He contends that he made no claim in the habeas court under § 18-98d for presentence jail credit. He states that the only issue raised in the habeas court was whether the revised Bridgeport mittimuses required the respondent to order that ninety-seven days of credit be applied to the total effective sentence he had received in the Fairfield judicial district. He contends that the revised Bridgeport mittimuses ordered that the ninety-seven day credit at issue be applied to the Fairfield sentences and that the respondent failed to comply with that order. The petitioner claims, as a result, that the issue before the habeas court, and before us, is whether the revised Bridgeport mittimuses required the respondent to order ninety-seven days of credit against the Fairfield sentences.

We begin our analysis with the following background law. "Connecticut . . . has long regarded the mittimus merely as a clerical document by virtue of which a person is transported to and rightly held in prison. . . . We have observed that a mittimus after conviction in a criminal case is similar to an execution after judgment in a civil case; it is final process and carries into effect the judgment of the court." (Citations omitted; internal quotation marks omitted.) *Commissioner of Correction* v. *Gordon*, 228 Conn. 384, 392, 636 A.2d 799 (1994).

Our standard of review is as follows. "[A] habeas court's findings of fact are reviewed under a clearly erroneous standard of review [and] questions of law are subject to plenary review." (Internal quotation marks omitted.) *Mead* v. *Commissioner of Correction*, 282 Conn. 317, 322, 920 A.2d 301 (2007).

Before we examine whether the court properly determined that § 18-98d applied in the present case so as to preclude the respondent from applying a ninety-seven day credit to the Fairfield sentences, we first examine the revised mittimuses at issue to determine whether Judge Reynolds ordered that the credit be applied to the Fairfield sentences. At issue are the Bridgeport mittimuses, as revised on December 7, 2004. The revised mittimuses indicate the amount of jail credit that the petitioner is entitled to with respect to each Bridgeport docket number. The mittimus in docket number CR-90-55715 notes that the offense date was September 9, 1990, and that the petitioner is entitled to sentence credit from September 10 to October 25, 1990. The mittimus in docket number CR-90-53929 notes that the offense date was July 19, 1990, and that the petitioner is entitled to sentence credit from July 20 to October 25, 1990. The mittimuses clearly indicate that credit was to be applied to the Bridgeport sentences. The only mention of the Fairfield sentences is a notation on each of the two revised Bridgeport mittimuses that

the respective Bridgeport sentences are to run concurrently with the ten Fairfield sentences. The fact that the Bridgeport and Fairfield sentences were ordered to run concurrently does not, in itself, indicate that the court ordered that the credit at issue should also be applied to the Fairfield sentences. The revised mittimuses do not otherwise indicate that the ninety-seven day credit at issue be applied to the Fairfield sentences.

Additionally, the record reveals that prior to the revision of the Bridgeport mittimuses on December 7, 2004, the issue of the ninety-seven day credit as applied to the Fairfield sentences had already been brought before and decided by Judge Damiani in June, 2004. On June 16, 2004, the court indicated that it would order that the petitioner receive credit on his Fairfield sentences from October 25, 1990, to May 24, 1991, to remedy a mixup arising from "dead time." When the petitioner noted that he had been arrested in July 19, 1990, the court stated that it was "not going to go beyond that." The petitioner was serving the Fairfield sentences; adjustments to the Bridgeport sentences do not necessarily affect the Fairfield sentences.

The respondent has no authority, in accordance with § 18-98d, to apply to the Fairfield sentences the ninety-seven days of presentence credit that already had been applied to the Bridgeport sentences. Accordingly, the habeas court properly concluded that the petitioner was not entitled to have the ninety-seven day credit at issue applied additionally to his Fairfield sentences. See General Statutes § 18-98d; *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 823, 860 A.2d 715 (2004) (where concurrent sentences are imposed on different dates, simultaneously accrued presentence credit can be applied to first sentence and cannot be applied on second sentence).

The judgment is affirmed.

In this opinion the other judges concurred.