******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STATE OF CONNECTICUT *v.* ERIC L.*
(SC 20834)

McDonald, D'Auria, Mullins, Ecker, Alexander and Dannehy, Js.**

*Syllabus*

The defendant appealed from the judgment of the Appellate Court, which had affirmed the trial court's judgment revoking his probation. He claimed that the Appellate Court improperly upheld the trial court's conclusion that it lacked authority under the statute (§ 18-98d) governing presentence confinement credit to direct the commissioner of correction to apply such credit to his sentence. *Held*:

The issue of whether the trial court has authority to direct the commissioner to apply specific presentence confinement credit to a sentence was resolved in the companion case of *State* v. *Hurdle* (350 Conn. 770), in which this court held that trial courts do have authority to direct the commissioner to apply such credit to a sentence on a judgment mittimus.

Insofar as the Appellate Court improperly upheld the trial court's incorrect determination that it had no such authority, this court reversed the Appellate Court's judgment in part, and the case was remanded so that the trial court could exercise its discretion to direct the commissioner to apply presentence confinement credit to the defendant's sentence.

Argued April 25—officially released December 10, 2024

*Procedural History*

Substitute information charging the defendant with violation of probation, brought to the Superior Court

---

* In accordance with our policy of protecting the privacy interests of victims of family violence, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

** This case originally was argued before a panel of this court consisting of Chief Justice Robinson and Justices McDonald, D'Auria, Mullins, Ecker, Alexander, and Dannehy. Thereafter, Chief Justice Robinson retired from this court and did not participate in the consideration of this case.

The listing of justices reflects their seniority status on this court as of the date of oral argument.

in the judicial district of Litchfield, geographical area number eighteen, and tried to the court, *Shaban, J.*; judgment revoking the defendant's probation; thereafter, the court denied the defendant's request for presentence confinement credit, and the defendant appealed to the Appellate Court, *Prescott, Moll* and *Cradle, Js.*, which affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Reversed in part*; *further proceedings*.

*Lisa J. Steele*, assigned counsel, for the appellant (defendant).

*Laurie N. Feldman*, assistant state's attorney, with whom, on the brief, was *David Shannon*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Eric L., appeals[1] from the judgment of the Appellate Court, which affirmed the trial court's judgment revoking his probation. The defendant claims that the Appellate Court incorrectly concluded that the trial court lacked authority under General Statutes § 18-98d[2] to direct the commissioner

___

[1] We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court correctly conclude that the trial court lacked authority to award the defendant presentence confinement credit in view of that court's decision in *State* v. *Hurdle*, [217 Conn. App. 453, 288 A.3d 675] (2023)?" *State* v. *Eric L.*, 346 Conn. 927, 291 A.3d 1041 (2023).

[2] General Statutes § 18-98d provides in relevant part: "(a) (1) (A) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, and prior to October 1, 2021, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (i) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (ii) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement . . . ."

of correction (commissioner) to apply specific presentence confinement credit to his sentence. We agree and, accordingly, reverse in part the judgment of the Appellate Court.

The following facts are relevant to our resolution of this appeal. On January 17, 2019, the defendant pleaded guilty to one count of violation of a protective order based on text messages that he had sent to his former girlfriend and the mother of his child. After accepting the defendant's plea, the trial court sentenced the defendant to five years of incarceration, execution suspended, followed by five years of probation. On May 2, 2020, the defendant was admitted to Danbury Hospital, suffering from auditory and visual hallucinations and suicidal ideation. While there, he disclosed to a social worker his plan to inflict serious bodily injury on his former girlfriend's boyfriend. Believing that the boyfriend was in danger, the social worker contacted the defendant's probation officer, who advised the social worker to call the police. On May 6, 2020, the defendant was arrested for threatening in the second degree on the basis of his statements to the social worker and was placed in the custody of the commissioner. Due to that arrest, on May 14, 2020, the defendant was charged with violating the terms of his probation. Because of COVID-19 related restrictions and delays in court operations, the violation of probation arrest warrant was not served on the defendant until October 22, 2020, at which time the defendant was arraigned and bond was set. The defendant remained in custody until December 28, 2020, when he posted bond and was released.

On October 1, 2021, the trial court found the defendant in violation of his probation, revoked his probation,

Although § 18-98d (a) (1) was amended by No. 21-102, § 21, of the 2021 Public Acts, those amendments have no bearing on this appeal. In the interest of simplicity, we refer to the current revision of the statute.

and sentenced him to 5 years of incarceration, execution suspended after 6 months, followed by 3 years and 250 days of probation. After the court imposed the sentence, defense counsel requested that the court state on the mittimus that the defendant should receive presentence confinement credit from May 6 to December 28, 2020, or, in the alternative, from the date the violation of probation arrest warrant was signed, May 14, 2020. Defense counsel explained that, although the arrest warrant was signed on May 14, 2020, because of the COVID-19 pandemic, it was not served until October 22, 2020. Defense counsel argued that, without a notation on the mittimus stating that the defendant was entitled to presentence confinement credit from May 6 to December 28, 2020, the commissioner would give him credit only from the date of his arraignment, October 22, 2020. The state did not dispute defense counsel's assertion that the defendant was entitled to approximately seven months of presentence confinement credit. The state argued, however, that only the commissioner has the authority to assign such credit.

The trial court agreed with the state, reasoning that "[the commissioner] typically discerns what [presentence confinement] credit is available to a particular individual," and, "[o]nce [the court] sentence[s] him, the determination of credits is within the context and confines of [the Department of Correction (department)]." Accordingly, the court noted on the mittimus the following: "The [d]efendant is entitled to sentence credit of AS DEEMED APPROPRIATE BY [THE DEPARTMENT]." Defense counsel then asked the court to stay execution of the defendant's sentence so that the defendant could appeal the court's ruling that it lacked authority to order the commissioner to apply specific presentence confinement credit. She argued that, without such a stay, there was a serious risk that the defendant would end up serving far more time than

the six months ordered by the court given that the defendant had already been incarcerated for seven months. Although the court refused to stay execution of the defendant's sentence, it agreed to set an appellate bond. After the defendant's sentencing, the state entered a nolle prosequi on the charge of threatening in the second degree. See *State* v. *Eric L.*, 218 Conn. App. 302, 307 n.6, 291 A.3d 621 (2023).

On appeal to the Appellate Court, the defendant claimed that the trial court had abused its discretion in declining to direct the commissioner to apply the requested presentence confinement credit to his sentence. Id., 321. The Appellate Court rejected this claim, citing its decision in *State* v. *Hurdle*, 217 Conn. App. 453, 288 A.3d 675 (2023), in which it determined that the trial court lacked authority to award such credit under § 18-98d. See *State* v. *Eric L.*, supra, 218 Conn. App. 323–24; see also *State* v. *Hurdle*, supra, 461, 469.

On appeal to this court following our grant of certification, the defendant claims that *State* v. *Hurdle*, supra, 217 Conn. App. 453, was wrongly decided and that the trial court has authority to order the commissioner to apply specific presentence confinement credit to his sentence. The state contends that *Hurdle* was correctly decided but argues that, even if we disagree, the defendant is not entitled to presentence confinement credit starting on May 14, 2020, the date on which the arrest warrant for violation of probation was signed, because the warrant was not served on him until October 22, 2020. The state contends that, until such time as the defendant was arraigned on the violation of probation charge, he was not technically being held on that charge, only on the threatening charge, which was subsequently nolled.

The issue of whether the trial court has authority to order the commissioner to apply specific presentence

confinement credit to a sentence was addressed in the companion case that we also decided today, *State* v. *Hurdle*, 350 Conn. 770,      A.3d      (2024), in which we concluded that our trial courts have the authority to direct the commissioner to apply specific presentence confinement credit to a sentence on a judgment mittimus. Id., 773, 785. Our examination of the issue in *Hurdle* addresses the arguments of the parties in the present case with respect to this issue.

We disagree with the state that the defendant is not entitled to presentence confinement credit starting on May 14, 2020, the date on which the arrest warrant for violation of probation was signed, because the warrant was not served on the defendant until October 22, 2020. The state cites no provision in § 18-98d (a) (1) (A) that would preclude the court from awarding credit starting on May 14, 2020. Moreover, the state's reliance on *Breen* v. *Warden*, 173 Conn. 312, 315–16, 377 A.2d 335 (1977), and *McCarthy* v. *Commissioner of Correction*, 217 Conn. 568, 583, 587 A.2d 116 (1991), is misplaced because, in both of those cases, the defendants sought presentence confinement credit for "dead time"—"prison parlance for presentence confinement time that cannot be credited because the inmate already is a sentenced prisoner serving time [in connection with] another sentence." *Griffin* v. *Commissioner of Correction*, 123 Conn. App. 840, 843 n.3, 3 A.3d 189, cert. denied, 299 Conn. 906, 10 A.3d 522 (2010). In the present case, it is undisputed that the defendant was not a sentenced prisoner serving time in connection with another sentence between May 14 and October 22, 2020. Had the defendant been promptly arraigned when the arrest warrant was signed on May 14, 2020, which presumably would have occurred but for pandemic related delays in court operations, there would be no question as to the defendant's entitlement to credit for time served from

that date until his release on bond on December 28, 2020.

Because the trial court incorrectly determined that it had no discretion to direct the commissioner to apply specific presentence confinement credit on the judgment mittimus for the time that the defendant was incarcerated prior to his release on bond, the case must be remanded to that court so that it may exercise its discretion in accordance with this opinion and *State* v. *Hurdle*, supra, 350 Conn. 770.

The judgment of the Appellate Court with respect to its conclusion regarding the trial court's authority to order the commissioner to apply presentence confinement credit to the defendant's sentence is reversed and the case is remanded to that court with direction to remand the case to the trial court for further proceedings in accordance with this opinion; the judgment of the Appellate Court is affirmed in all other respects.